IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| CATHERINE CONTRERAS-BELTRAN, #57313-177, MOVANT, v. UNITED STATES OF AMERICA, RESPONDENT. | § § § § § § § § § § | CIVIL NO. 3:22-CV-976-N-BK (CRIMINAL NO. 3:16-CR-326-N-5) |

FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to 28 U.S.C. § 636(b) and *Special Order 3*, Movant Catherine Contreras-Beltran's *pro se* motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 was referred to the United States Magistrate Judge for case management, including the issuance of findings and a recommended disposition where appropriate. For the reasons outlined here, the § 2255 motion should be **DISMISSED WITH PREJUDICE** as time barred.[1]

**I. BACKGROUND**

In 2016, Beltran pled guilty to conspiracy to interfere with commerce by robbery (Hobbs Act robbery), substantive Hobbs Act robbery, and using and carrying a firearm in furtherance of a crime of violence and, on September 23, 2019, was sentenced to 162 months' imprisonment—102 months on the Hobbs Act counts to be served concurrently and a consecutive sentence of 60 months on the firearm count. Crim. Doc. 180. Beltran did not file a direct appeal. However, on

---

[1] *See* Rule 4(b) of the RULES GOVERNING SECTION 2255 PROCEEDINGS ("If it plainly appears from the motion and any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party.").

May 2, 2022—more than two and one-half years later—she filed the instant § 2255 motion. Doc. 2. She later filed an amended § 2255 motion on the requested form, alleging her plea was involuntary, counsel rendered ineffective assistance, structural errors deprived her of due process protection, and counsel denied her the right to appeal. Doc. 7 at 6-7.

Because Beltran's § 2255 motion appeared untimely, the Court directed her to respond regarding the application of the one-year limitations period, which she has now done. Doc. 8; Doc. 10. After a review of the relevant pleadings and law, the Court concludes that Beltran's § 2255 motion is barred by the applicable limitations period and should be dismissed.

## II. ANALYSIS

### A. The § 2255 Motion is Time Barred

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) establishes a one-year statute of limitations for federal inmates seeking post-conviction relief under 28 U.S.C. § 2255. *See* 28 U.S.C. § 2255(f). Beltran does not allege any facts that could trigger a starting date under § 2255(f)(2)-(4), so the limitations period began to run when her judgment of conviction became final. *See* § 2255(f)(1). The Supreme Court has held that a judgment becomes final when the applicable period for seeking direct review of a conviction has expired. *Clay v. United States*, 537 U.S. 522, 525 (2003).

Beltran's conviction became final on October 15, 2019, the last day she could have filed a timely direct appeal from the October 1, 2019 judgment. Crim. Doc. 180; FED. R. APP. P. 4(b)(1)(A) (providing 14 days to file a notice of appeal). Calculated from that date, Beltran's § 2255 motion was due by October 15, 2020. However, Beltran did not file her § 2255 motion

until May 2, 2022—deemed filed on April 19, 2022.[2] Thus, Beltran's § 2255 motion is untimely under § 2255(f)(1) absent equitable tolling.

### B. There is No Basis for Equitable Tolling

Beltran's filings, even when liberally construed in accordance with her *pro se* status, do not present due diligence and "rare and exceptional circumstances" warranting equitable tolling. A movant is entitled to equitable tolling only if he shows "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010) (quotations and quoted case omitted); *Menominee Indian Tribe of Wis. v. United States*, 577 U.S. 250, 257 (2016) ("[T]he second prong of the equitable tolling test is met only where the circumstances that caused a litigant's delay are both extraordinary *and* beyond its control.") (emphasis in original). However, equitable tolling is an extraordinary remedy limited to "rare and exceptional circumstances." *United States v. Wheaten*, 826 F.3d 843, 851 (5th Cir. 2016).

> Equitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights. [T]he principles of equitable tolling . . . do not extend to what is at best a garden variety claim of excusable neglect. Unfamiliarity with the legal process does not justify equitable tolling.

*United States v. Kirkham*, 367 F. App'x 539, 541 (5th Cir. 2010) (per curiam) (internal citations and quotation marks omitted).

Moreover, equitable tolling requires a litigant to pursue his rights with "reasonable diligence." *Holland*, 560 U.S. at 653 (internal citations and quotation marks omitted). But the

---

[2] The § 2255 motion is deemed filed on April 19, 2022, the date on which Beltran signed it and certified placing it in the prison mailing system. Doc. 2-1 at 10, 13. *See* Rule 3(d) of the RULES GOVERNING SECTION 2255 PROCEEDINGS (applying the "mailbox rule" to inmates who use jail/prison's mail system).

courts have "repeatedly emphasized that equitable tolling is not available to 'those who sleep on their rights.'" *Wickware v. Thaler*, 404 F. App'x 856, 861 (5th Cir. 2010) (per curiam) (quoted case omitted). And unexplained delays do not evince due diligence or rare and extraordinary circumstances. *Fisher v. Johnson*, 174 F.3d 710, 715 (5th Cir. 1999).

Beltran's arguments in favor of equitable tolling are unpersuasive. She contends she faced numerous "roadblocks" during the one-year time period, as she: (1) lost time while in transit to her final destination, Carswell FMC, (2) spent valuable time obtaining her file, and (3) lacked the ability to understand English. Doc. 10 at 2. As to the latter, Beltran explains that none of the Spanish-speaking inmates understood "American laws or rules," and she could not research on her own because the law library did not have law books in Spanish or Spanish-speaking library staff. Doc. 10 at 2. Although Faith Blake, a prisoner writ writer, eventually helped her, Beltran states she lost additional, valuable time in securing a copy of her file. Doc. 10 at 3.

Beltran also mentions the COVID-19 pandemic and the nearly-two-year prison lock down. Doc. 10 at 3. She explains that Carswell FMC was ranked number three in the country for the high number of infections and deaths due to COVID-19. *Id.* Further, during the extended prison lockdowns, Beltran states that she did not have access to books, the law library, or help. Beltran also asserts that once she received her case file, its contents were in English, and she could not read it. *Id.* As additional support, Beltran presents Blake's affidavit, which attests to Beltran's diligence. Doc. 10 at 7.

Even under liberal construction, Beltran's pleadings do not suggest that "rare and exceptional circumstances" prevented her from submitting her § 2255 motion within the one-year period. Apart from broad-based allegations, she offers no details of the various delays that

she endured. She does not state how long she was in transit, when she attempted to seek help from the law library or other inmates, or how long it took to obtain her client file. Extended periods of inactivity, as in this case, clearly indicate a lack of due diligence. Likewise, unexplained delays neither evince due diligence or rare and extraordinary circumstances. *Fisher*, 174 F.3d at 715 ("[E]quity is not intended for those who sleep on their rights." (citations omitted)). On this record, the Court concludes that Beltran did not pursue the habeas "process with diligence and alacrity." *Phillips v. Donnelly*, 216 F.3d 508, 511 (5th Cir. 2000).

Further, neither Beltran's unfamiliarity with the law nor her *pro se* status rises to the level of a rare or exceptional circumstance warranting equitable tolling. *See United States v. Petty*, 530 F.3d 361, 365-66 (5th Cir. 2008) (lack of legal training, ignorance of the law, and *pro se* status are insufficient to equitably toll the statute of limitations). A limited education and the inability to speak or read the English language are disabilities common to many incarcerated persons and, as such, they do not justify equitable tolling. *See Turner v. Johnson*, 177 F.3d 390, 392 (5th Cir. 1999) ("It is irrelevant whether the unfamiliarity [with the law] is due to illiteracy or any other reason.").

Also unavailing is Beltran's conclusory assertion that her unfamiliarity with the English language was an obstacle to understanding what she needed to do and when she needed to do it. *See Yang v. Archuleta*, 525 F.3d 925, 929-30 (10th Cir. 2008) (colleting cases finding lack of proficiency in the English language did not amount to extraordinary circumstances warranting equitable tolling). Without a showing that the language barrier actually prevented her from filing a timely § 2255 motion, Beltran's lack of English proficiency is insufficient to toll the limitations period. *See Cobas v. Burgess*, 306 F.3d 441, 444 (6th Cir. 2002) (holding that where the alleged

lack of proficiency in English has not prevented the petitioner from accessing the courts, that lack of proficiency is insufficient to justify equitable tolling).

Beltran also fails to demonstrate how the COVID-19 pandemic prevented her from timely filing her § 2255 motion. Stated another way, she again shows no causal link between the pandemic-related impediments identified in her response—intermittent lockdowns and limited access to the law library—and her inability to file the § 2255 motion. *See, e.g.*, *Nunez v. Danforth*, No. 1:20-CV-10230, 2021 WL 1063127, at *2 (S.D. N.Y. Mar. 18, 2021); *Young v. Mississippi*, No. 3:20-CV-736, 2021 WL 4190646, at *5 (S.D. Miss. Aug. 6, 2021). "[T]he mere existence of the COVID-19 pandemic does not, without more, constitute an 'extraordinary circumstance.'" *Young*, 2021 WL 4190646, at *5; *see also United States v. Clay*, No. 2:20-236, 2021 WL 2018996, at *3 (S.D. Tex. May 18, 2021). Likewise, courts have found that intermittent lockdowns and diminished access to the law library, even as a result of COVID-19 restrictions, do not constitute "extraordinary circumstances" warranting equitable tolling. *See Delarosa v. Dir., TDCJ-CID*, No. 3:21-CV-2414-D-BK, 2022 WL 850041, at *2-3 (N.D. Tex. Feb. 22, 2022), *R. & R. adopted*, *Delarosa v. Dir., TDCJ-CID*, No. 3:21-CV-2414-D, 2022 WL 847216 (N.D. Tex. Mar. 22, 2022) (collecting cases and finding pandemic-related circumstances, including lockdowns and diminished library access, did not prevent filing of habeas petition).

Here, Beltran presents no evidence that diminished law library access "actually prevented" her from filing her § 2255 motion. The § 2255 motion only requires a movant to state her grounds and identify specific facts supporting them, rather than to argue or cite case law. Doc. 7 at 6-7. While it may have been more difficult for Beltran to prepare the § 2255 motion and mail it, the pandemic-related measures did not prevent its filing. Thus, Beltran

presents no evidence that "some extraordinary circumstance" stood in her way and prevented her from filing a timely § 2255.

In addition, even in the context of the COVID-19 pandemic, a movant must provide sufficient evidence to show that she exercised diligence during "all time periods—before, during and after the existence of the COVID-19 pandemic." *Fitzgerald v. Shinn*, No. CV-19-5219, 2020 WL 3414700, at *5 (D. Ariz. June 22, 2020); *see also Clay*, 2021 WL 2018996, at *3 (collecting cases). Here, several months of Beltran's limitations period elapsed before the start of the COVID-19 pandemic and the initiation of any COVID-19 protocols, yet she alleges no effort on her part to file a timely § 2255 motion. Beltran once again offers no evidence or explanation to demonstrate her "reasonable diligence" in pursuing her rights before and during the COVID-19 pandemic. *See Jackson v. Davis*, 933 F.3d 408, 411 (5th Cir. 2019). Even assuming the COVID-19 lockdowns delayed her ability to prepare and mail the § 2255 motion, Beltran simply fails to explain the near two and one-half years delay after her conviction became final and the mailing of her § 2255 motion.

In sum, Beltran has presented no facts suggesting that she diligently pursued her rights or that some extraordinary circumstance prevented her from timely filing her § 2255 motion. On this record, she has not met her burden to establish that equitable tolling is warranted in this case. *See Alexander v. Cockrell*, 294 F.3d 626, 629 (5th Cir. 2002) (per curiam).

### III. CONCLUSION

For the foregoing reasons, Beltran's motion to vacate sentence under 28 U.S.C. § 2255

should be **DISMISSED WITH PREJUDICE** as barred by the one-year statute of limitations.

*See* 28 U.S.C. § 2255(f); Rule 4(b) of the RULES GOVERNING SECTION 2255 PROCEEDINGS.

**SO RECOMMENDED** on August 4, 2022.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). An objection must identify the finding or recommendation to which objection is made, the basis for the objection, and the place in the magistrate judge's report and recommendation the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).